CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 18 2006

JOHN F. CORCORAN, CLERK
BY: /s/ Bright
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ALVIN C. SMITH, | ) | |
| Plaintiff, | ) | Civil Action No. 7:06cv00569 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DR. OHAI, et al., | ) | By: Samuel G. Wilson |
| Defendant. | ) | United States District Judge |

Plaintiff Alvin C. Smith, a Virginia inmate proceeding pro se, brings this action under 42 U.S.C. § 1983, alleging that the defendants failed to provide him with adequate medical care in violation of the Eighth Amendment. Smith seeks $ 2,200 in damages and injunctive relief requiring the defendants to issue him "a permanent shaving pass that will be accepted at all D.O.C. facilities." The court finds that Smith has failed to state a claim upon which the court may grant relief; and, therefore, dismisses his action pursuant to 28 U.S.C. § 1915A(b)(1).

I.

Smith alleges that he suffers from a skin condition called "psuedofolliculitis barbae," also referred to as razor burn. He claims that when he shaves, he gets painful bumps, scars, and bleeding which makes washing his face "impossible" and sleeping uncomfortable. Smith alleges that a prison physician at Red Onion State Prison has previously issued him a "shaving pass," allowing him to forgo the shaving requirement. When his issued shaving pass expired, he sought to have it renewed. On separate occasions and after a physical exam, prison physicians Dr. Ohai and Dr. Ofagh denied his request.

Smith concedes Drs. Ohai and Ofagh have examined him multiple times since the expiration of his previous shaving pass but have refused to renew his pass, because his skin condition is "not severe enough."

Smith also alleges that defendants Warden Tracy Ray and Health Service Director Fred Schilling were deliberately indifferent to his medical needs by determining that Smith's grievances related to his request for a shaving pass were "unfounded."

## II.

In order to state a cognizable claim for denial of medical care under the Eighth Amendment, a plaintiff must allege facts sufficient to demonstrate a deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish deliberate indifference, a plaintiff must present facts to demonstrate that the defendant had actual knowledge of and disregard for an objectively serious medical need. Farmer v. Brennan, 511 U.S. 825 (1994); see also Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). A claim regarding a disagreement between an inmate and medical personnel over diagnosis or course of treatment and allegations of malpractice or negligence in treatment do not state cognizable constitutional claims under the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Estelle, 429 U.S. at 105-06. Moreover, claims of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975).

Smith admits that Dr. Ohai and Dr. Ofagh have examined him on numerous occasions, have rendered a diagnosis, and determined that his skin condition is not so severe that a shaving pass should be issued. Accordingly, though Smith may desire a shaving pass, the court finds his claims amount to nothing more than a patient-doctor disagreement regarding diagnosis and proper course of treatment, which is not actionable under the Eighth Amendment.

## III.

A medical treatment claim cannot be brought against a supervisory official absent an allegation that the official was personally connected with the denial of medical treatment. Vinnledge

2

v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977). Smith makes no such allegation regarding defendants Ray and Schilling. For this additional reason, the court finds that Smith has not alleged a claim of constitutional magnitude against defendants Ray and Schilling.

## IV.

For the reasons stated herein, the court dismisses Smith's suit pursuant to § 1915A(b)(1) for failure to state a claim.

**ENTER**: This _____ day of October, 2006.

_____
United States District Judge

3